UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 17-CR-46-JED ) (RELATED: 19-CV-711) ) |
| CHRISTOPHER PARLIER, JR., | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court has for its consideration Defendant Christopher Parlier, Jr.'s motion (Doc. 47), which seeks relief from his sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Court determines that this motion should be dismissed.

On May 2, 2017, a Grand Jury indicted Mr. Parlier on three counts. Counts 1 and 2 alleged sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e). (Doc. 19). Count three alleged distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). (*Id.*). Mr. Parlier pleaded guilty to Count 1, and the remaining two counts were dismissed. (Doc. 36). On December 14, 2017, the Court entered judgment, sentencing Mr. Parlier to 180 months imprisonment. (Doc. 45).

Mr. Parlier's motion, which he brings pro se, is somewhat difficult to decipher, but the thrust of his argument seems to be that various aspects of his sentence were excessive in light of his status as a first-time offender. Specifically, Mr. Parlier complains (1) that he was sentenced to fifteen years in prison, even though he "could very well have received 7 years"; (2) that he was

sentenced to lifetime registration as a sex offender, rather than the 15-year minimum; and (3) that he was sentenced to 10 years "probation,"[1] rather than three. (Doc. 47 at 3–4).

As a preliminary matter, the Court must dismiss Mr. Parlier's motion because it is untimely. Motions under § 2255 are subject to a 1-year limitations period. 28 U.S.C. § 2255(f). That period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Here, Mr. Parlier's motion does not assert a Constitutional claim, a newly recognized right, or the discovery of new facts. Consequently, the limitations period began to run from the entry of the judgment of conviction, which the Court entered on December 14, 2017, and was exhausted the following year. Because Mr. Parlier filed his motion on December 23, 2019—a full year after the limitations period expired—his claims are time barred.

Even if the motion were timely, it would still fail. Mr. Parlier cites no authority to support his argument that he should have received a more lenient sentence, nor was the Court able to find any. With respect to his prison sentence, Mr. Parlier pleaded guilty to sexual exploitation of a minor under 18 U.S.C. § 2251(a) and (e). Section 2251(e) provides that a defendant convicted of sexual exploitation "shall be fined . . . and imprisoned not less than 15 years nor more than 30 years," unless the defendant has a prior conviction for a sex offense involving a minor, in which case the statutory range increases in conjunction with the number of prior offenses. Since Mr.

---

1. Mr. Parlier's use of the term "probation" appears to be a reference to the term of supervised release that was imposed as part of his sentence.

Parlier had no prior offenses, the 15-year sentence he received was the minimum available by law. Moreover, Mr. Parlier explicitly consented to the Court's sentence when he entered his plea pursuant to an agreement under Rule 11(c)(1)(C). Mr. Parlier's request for a reduced sentence, therefore, is beyond the Court's power to grant.

With respect to his registration as a sex offender, Mr. Parlier is simply mistaken. Although courts impose sex-offender registration as a mandatory condition of a defendant's supervised release, a court does not specify the duration of the registration requirement at sentencing. Consequently, the length of a defendant's registration cannot be adjusted via a § 2255 motion, which, by its nature, operates as a challenge to the defendant's sentence.

Finally, Mr. Parlier is likewise mistaken regarding the length of his supervised-release term. Mr. Parlier contends that he should have been sentenced to a supervision period of three years, a term he mistakenly asserts to be the mandatory minimum in his case. Generally, most criminal offenses are not subject to a mandatory term of supervised release, and the available maximum depends on the severity of the crime. *See* 18 U.S.C. § 3583(a), (b). However, certain sex offenses, including sexual exploitation of a minor, are subject to a mandatory supervision period of at least five years and permit up to lifetime supervision. In this case, the Court imposed a supervision term of ten years, well within the available range. (Doc. 45 at 3). Mr. Parlier's contention that he should have received the minimum due to his status as a first-time offender provides no grounds for the Court to revisit its decision, as his lack of criminal history was already known to the Court when the sentence was imposed.

IT IS THEREFORE ORDERED that Defendant's Motion under 28 U.S.C. § 2255 (Doc. 83) is **dismissed.**

SO ORDERED this 5th day of January, 2021.

                                                  JOHN E. DOWDELL, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT